UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, et al. | No. 25 CR 693<br><br>Judge April M. Perry |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Pursuant to Fed.R.Crim.P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case after the date of this Protective Order (collectively, "the materials") are subject to the terms of this Protective Order.

2. The government may identify personal identifiers – that is names, home addresses, cell phone numbers, dates of birth, Social Security numbers, or other non-publicly available personal identifiers ("PII") – of the alleged victim (the federal agent driving the SUV in the incident described in the indictment) and/or of other law enforcement officers from the materials produced to the Defense. Other than as provided in this Order, Defendants and defendants' counsel (defined as counsel of record in this case) shall not publish or disseminate, including on any public blog or website, any PII (as defined above) of the alleged victim or other

law enforcement officers which was obtained from the materials produced by the government in this case.

3. The Defendants and Defendants' counsel may disclose the PII contained in the materials produced by the government to persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials with the PII as necessary to prepare the defense, but may not retain copies of materials containing PII unless the PII is redacted, without prior permission of the Court.

4. If counsel seeks to use any of the materials with PII (as described above) in any pre-trial filings or proceedings in this case, such materials will be filed under seal and/or redacted, in a manner which prevents disclosure of the PII. Notwithstanding the foregoing, particular materials with PII may be filed publicly prior to trial upon the agreement of all parties (government and Defendant(s)) without need for the Court to enter a further Order.

5. The restrictions of this Order continue in effect for as long as the materials are in the possession of Defendant(s) or Defense counsel.

6. The restrictions set forth in this Order do not apply to documents or materials containing PII that are or become part of the public record, including documents that have been received in evidence in other cases or trials, or to documents or materials that were obtained independent of any government

production.

7.  Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Date: 2/6/2026

ENTERED: _____

Hon. April M. Perry