**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS COUNT I BASED ON THE FIRST AMENDMENT**

**I.      The Specific Facts on Which the Government Bases its Felony Conspiracy
Charge Under §372 Are Insufficient as a Matter of Law**

Defendants' Motion to Dismiss ("Motion") presents a straight-forward "as-applied" challenge to the government's interpretation of 18 U.S.C. §372.[1] The government admits that its theory of the case is that Defendants entered into a "spontaneous conspiracy" that is "based on a tacit or implicit agreement."[2] While the government notes that the Court may not resolve factual disputes on a motion to dismiss, the government does not identify any factual dispute material to the 'as-applied' challenge before the Court. In short, given the facts relied on by the government to support its felony conspiracy charge under §372, the government's proposed interpretation of §372 criminalizes Defendants' exercise of their freedom of assembly and speech. Moreover, the allegations run contrary to established law of what is sufficient to support a conspiracy claim.

---

[1] The government spends the first nine pages of its response rebutting a facial challenge to 18 U.S.C. § 372 ***that Defendants do not raise***. Instead, Defendants have raised an as-applied challenge: that "the Government's interpretation of 18 U.S.C. §372—and particularly its application in this case— . . . abridges 'the right of the people peaceably to assemble.'" Mot. at 8.
[2] Dkt. #100-1, Feb. 28, 2026 Tr. 7:23-8:6.

1

Equally concerning is the government's dangerously cramped view of the First Amendment based on its repeated claim that the indictment targets only conduct, not speech. That refrain, which is the government's core position, seems to consciously ignore the fact that the now-narrowed indictment *still* contains a clause that prosecutes a conspiracy to prevent by force and *intimidation*. Thus, the government could foreseeably attempt to argue that protestors' statements and chants amounted to "intimidation" in furtherance of the conspiracy. That must be precluded, as the government seems to agree. (See below). Moreover, the government ignores that Defendants were engaged in inherently expressive conduct that also falls squarely within the First Amendment's protections. Defendants were engaged in a "Jericho Walk" across a public intersection – a time-honored act of peaceful protest (*See* https://www.prayerrelay.com/the-jericho-walk/) – when Agent A turned into them. That conduct—walking back and forth across a public intersection while signing, chanting, and holding signs—"possess[es] sufficient communicative elements to bring the First Amendment into play." *Texas v. Johnson*, 491 U.S. 397, 404 (1989).

Accordingly, with respect to the First Amendment protections, the government must be scrupulously held to its representations that:

1) Defendants "are not being prosecuted for their speech or assembly." (Gov't Resp. at 1.)

2) "If the defendants had simply gathered at Broadview and screamed and waved signs at Agent A, their First Amendment arguments would have force." (*Id*. at 2).

3) "[The Government does not] dispute that members of the public are free to express their political views – including their opposition to ICE and immigration enforcement efforts – through peaceful protest. Nor does the government contest that certain of the demonstrations outside the Broadview facility did constitute peaceful protest activity protected by the First Amendment." (*Id*. at 12).

4) "The government has repeatedly made clear that mere presence at a protest is not sufficient to sustain a conspiracy charge under §372." (*Id*. at 14).

2

Thus limited, the "conduct" on which the government bases its felony "spontaneous conspiracy" charge – as set forth in the indictment and as represented now by the government to the Court multiple times – consists solely of the four Defendants variously and in different manners having physically touched Agent A's SUV in some way as it drove through their Jericho Walk. (*Id*. at 2 ("the defendants deliberately blocked the vehicle's progress with their bodies."); Dkt. #1, ¶6 ("[Defendants] physically hindered and impeded Agent A and the Government Vehicle such that Agent A was forced to drive at an extremely slow rate of speed.").)

The government claims this specified conduct – pushing on or against Agent A's SUV, and *not* any chants, or songs, or the Jericho Walk itself – constitutes the requisite force and intimidation sufficient to establish a conspiracy under §372. (Gov't Resp. at 2 ("That is conduct, and not speech protected by the First Amendment."); Gov't Resp. at 12-13.) They are not. The mere fact of this parallel conduct of spontaneously touching or pushing against an SUV as it drove through the protesters who were at the time – even according to the government – engaged in legal First Amendment-protected activity, as a matter of law, is not sufficient to subject the Defendants to trial on a felony conspiracy charge under §372.

Under the canon of constitutional avoidance and the substantial First Amendment concerns raised here, the Court should not adopt the government's interpretation of §372 under the facts specifically alleged and identified by the government to support its felony conspiracy charge,[3] but should instead adopt an interpretation which requires more than mere proximity and parallel conduct by protesters to support the §372 charge. *United States v. Hansen*, 143 S. Ct. 1932, 1946

---

[3] To be clear, defendants do not ask the Court to resolve any factual disputes. Defendants' Motion can be resolved solely based upon the facts alleged in the Indictment and the government's representations on the record. *See*, *e.g.*, Dkt. #100-1, Feb. 28, 2026 Tr. 7:23-8:6 (government is alleging a "spontaneous conspiracy … based on a tacit or implicit agreement"); Dkt.#100-1, Feb. 28, 2026 Tr. 7:23-8:6 (government has no evidence any "explicit agreements").

3

(2023) (explaining that the canon of constitutional avoidance counsels adoption of interpretations that do not create a collision between statutes and the Constitution if "fairly possible" and noting that the canon is "normally a valuable ally for criminal defendants, who raise the prospect of unconstitutional applications to urge a narrower construction.").

## II.    Defendants' "As-Applied" Challenge Should Prevail Under the Facts Alleged

The government acknowledges that Defendants' summary of existing authority on the right of assembly is undisputed. Gov't Resp. at 12. Indeed, the government's Response specifically states that pages six through twelve of Defendants' Motion "recounts ***undisputed*** platitudes about the First Amendment." *Id.* (emphasis added).

### A.  Legal Standards

The Parties agree that under Rule 12 the Defendants may raise "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12; *see* Gov't Resp. at 10. The government, however, argues that "pretrial as-applied challenges to § 372" are inappropriate and that Defendants can "challenge any conviction in post-trial motions . . . based on proof their conduct constitutes protected speech under the First Amendment." Gov't Resp. at 10-11. The authority relied on by the government (a district court case from Nevada) does not stand for the proposition that the Court cannot rule on pretrial as-applied challenges to §372, but instead stands for the simple proposition that Defendants are "not entitled to a pretrial evidentiary hearing to determine whether the government can prove its case." *United States v. Santilli, Jr.*, 2017 WL 1305231, at *9 (D. Nev. 2017). There does not appear to be any meaningful disagreement that this Court has the authority to rule on a pretrial as-applied challenge where the Defendants are not asking the Court to rely on disputed facts and instead are accepting—solely for the purpose of the Motion—the allegations of the Indictment and the specific representations made by the government in open court or written pleadings. Here Defendants' as-applied challenge relies solely

4

on the government's allegations and representations to the Court; as a result, the Court can resolve this question as a matter of law under Fed. R. Crim. Pr. 12.

### B. The Government Has Not Met Its Burden to Show the Constitutionality of its §372 Prosecution Over Defendants' "As-Applied" Challenge

The government objects to Defendants' assertion that because they base their as-applied challenge on First Amendment grounds, "the burden is on the government to show the constitutionality of the prosecution." Gov't Resp. at 2. But in its next breath, the government agrees that once Defendants demonstrate that the First Amendment is implicated, "the Government bears the burden of proving the constitutionality of its actions." Gov't Resp. at 2-3.

Based on the facts and law recited above and in Defendants' motion, the First Amendment concerns raised and supported by Defendants are prosecution based on the right of assembly, prosecution based on protected speech, and prosecution of inherently expressive conduct. See generally, *Richmond Newspapers, Inc.*, 448 U.S. at 578 (1980) ("[S]treets, sidewalks, and parks are places traditionally open, where First Amendment rights may be exercised."); *Black Lives Matter D.C. v. Trump,* 544 F. Supp. 3d 15, 40 (D.D.C. 2021) ("the ***defendants' proximity to each other and parallel activities alone*** cannot justify inferring an agreement or meeting of the minds" to support a conspiracy charge), *aff'd sub nom., Buchanan v. Barr*, 71 F.4th 1003 (D.C. Cir. 2023) (emphasis added) (internal quotations omitted). Having satisfactorily made this preliminary showing, the burden shifts to the government to show the constitutionality of its prosecution under the specific facts it has alleged and represented it will rely on. It has failed to do that.

Contrary to the government's argument, to resolve Defendants' Motion, the Court need not make any finding of fact on: whether "Defendants' conduct was 'quite benign' and consistent with 'passive resistance protest'"; whether "Agent A 'initiated contact with the protestors, including Defendants'"; whether "Agent A was the 'real aggressor'"; or whether "Defendants braced

5

themselves only in a defensive manner against Agent A's SUV." Gov't Resp. at 11. The government's argument that the "First Amendment does not give defendants and their co-conspirators *carte blanche* . . . ." Gov't Resp. at 12-13,[4] is both non-responsive and, by presuming the existence of a conspiracy, begs the question. The question to be resolved by the Court is a pure question of law based on the facts alleged and represented by the government as set forth above. Nothing more, and nothing less.

Finally on this score, the authority cited by the government for the proposition that "a conspiracy can be inferred through concerted physical action for a matter of minutes" is entirely inapposite to the facts alleged here. In *United States v. Scott*, 979 F.3d 986, 988-89 (2d Cir. 2020), the Second Circuit was clear that "not every group [engaging in criminal conduct together] is *per se* a conspiracy" and detailed a myriad of objective facts and provable conduct that supported a finding of the rare "spontaneous conspiracy." Thus, in *Scott*, a spontaneous conspiracy was found where the defendants coordinated the group beating by sending away potential witnesses before the group beating began, leveraging the restraint provided by others to conduct the beating, and engaging together in a coordinated cover-up after the fact, including falsifying use of force reports after the incident. 979 F.3d 986, 988-89 (2d Cir. 2020). Similarly, in *United States v. Barber*, 442 F.2d 517, 523 (3d Cir. 1971), the Third Circuit recounted how the evidence "proved concert of action that did not come about by sheer coincidence." *Id.* This includes evidence related to warnings provided by FBI agents to a group of men who appeared, attacked the FBI agents, and freed an individual arrested for deserting the U.S. Army. *Id.*, at 520-22.

---

[4] None of the authority the government relies on has any bearing on whether the conspiracy charge can be based solely on proximity and parallel action. *See Cantwell v. Connecticut*, 310 U.S. 296, 308-311 (1940) (reversing convictions for breaching the peace based upon the First Amendment but not discussing conspiracy charges or the right of assembly).

The facts of these cases alone eliminate any persuasive force to the case at bar. And importantly, given the nature of Defendants' motion here, ***neither of these cases arose from what everyone agrees was a valid exercise of Defendants' First Amendment freedoms of assembly and speech***.

In this case, the government argues parallel conduct – pushing on or against Agent A's SUV – is sufficient to establish a conspiracy under §372. (Gov't Resp. at 2 ("That is conduct, and not speech protected by the First Amendment."); Gov't Resp. at 12-13.). The law is clear, however, that "the ***defendants' proximity to each other and parallel activities alone*** cannot justify inferring an agreement or meeting of the minds" to support a conspiracy charge. *Black Lives Matter D.C.*, 544 F. Supp. 3d at 40 (emphasis added) (internal quotations omitted). See generally, *Scott*, 979 F.3d at 988-89 ("not every group [engaging in criminal conduct together] is *per se* a conspiracy"); *United States v. Useni*, 516 F.3d 634, 646 (7th Cir. 2008) ("mere association with conspirators" is not sufficient to convict a person of conspiracy) (quoting *United States v. Percival*, 756 F.2d 600, 610 (7th Cir. 1985)).

## III.     Conclusion

For all the reasons set forth above, as well as in Defendants' Motion, Defendants respectfully request the Court grant their Motion and dismiss Count I.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com
*Attorney for Katherine Marie Abughazaleh*

**/s/ Theodore Thomas Poulos**
**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*