# EXHIBIT A

1

IN RE: GRAND JURY     )          GRAND JURY NO.
        INVESTIGATION )          25 GJ 994


BEFORE THE FEDERAL GRAND JURY

(Special June 2024 Grand Jury)


October 9, 2025

2:28 o'clock p.m.


PRESENT:  THE HONORABLE ANDREW S. BOUTROS
          Interim United States Attorney, by
          MS. SHERI MECKLENBURG
          MR. MATTHEW SKIBA
          Assistant United States Attorney
          Chicago, Illinois 60604


(The Grand Jury having convened
 at 2:28 o'clock p.m. on the 9th
 day of October 2025, pursuant to
 adjournment, met in closed session
 and the following proceedings were
 had herein.)

2

                          I N D E X


                                              PAGES

Direct Examination by Ms. Mecklenburg.... 3 - 76




                    E X H I B I T S

                                              PAGES

Grand Jury Exhibit 1                            14

3

EVAN HYLTON

having entered the Grand Jury room, was sworn by

the Foreperson as follows:

MS. MECKLENBURG:  I'm happy to be

back.  Sheri Mecklenburg.  We're here -- I'll

introduce my co-counsel in a minute.  We're here

on 25 GJ 994.

With me today is Matthew Skiba.

████████████████████████████████

█ ███████████████████████     █████████████████

█ ███████     █████████████████████     █████████

█ █████████████████

█           █████████████████     █████████

█ █████████

█           ████████████     ██     █████████

█ ████████████████     ██████████████████

█ ████████████████████████████████████████

█ ████████     ██████

█           ████████████████     █████████

MS. MECKLENBURG: Okay. If you don't have any more questions, I'm going to then excuse the agent and then I'm going to go into the law and the indictment.

Thank you, agent. If you can wait outside just in case.

(Whereupon, the agent left the room.)

MS. MECKLENBURG: I want to go to the Elmo now. So this screen so we can do -- I'm going back to the old-fashioned way.

So let me start with the first statute that I'm asking you for charges under. It's conspiracy to impede or injure an officer.

If two or more persons in any state, territory, possession conspire to prevent by force, intimidation or threat any person -- whoa, what is going on with this? What do I have to hit to make it not --

62

MADAM FOREPERSON: Oh, yeah. It's

an auto focus thing.  It goes in and out.

MS. MECKLENBURG:  Yeah, I forgot about that.  Doesn't it drive you nuts?

Any person from accepting or holding any office, trust or place of confidence under the United States or from discharging any duties thereof or in -- the next clause doesn't apply -- where his duties as an officer are required to be performed or to injure him -- or to injure him in his person or property on account of his lawful discharge of his duties of his office or while engaged in the lawful discharge thereof or to injure his property so as to molest, interrupt, hinder or impede him in the discharge of his official duties, each such person shall be fined under this title or imprisoned or both.

Now, you'll see in the indictment the words "hinder" and "impede."  Those are the words that I used for the charges.  And you heard testimony that he was on his way.  He was at the facility to report for his official duties.  Question.

GRAND JURY:  I understand the hindering and impeding --

63

MS. MECKLENBURG:  Yes.

GRAND JURY:  -- but the conspiring?

MS. MECKLENBURG:  Conspiring -- you can move from circumstances -- I should have addressed this right out.

A conspiracy is just an agreement. It doesn't have to be where we sit down and discuss let's do this together.  It's that these people all did this together which shows they all agreed to get in front and on the sides and hinder and impede this officer.

Did you see the part in the video where they all saw he was making some progress and they all started yelling "Get up front.  Get up front," and then they all start running to the front.  That's in the video that I showed you.

So they all run to the front of the car together to hinder and impede the car.  That is a conspiracy under the law, and I should tell you under the law for a conspiracy, this is -- remember when your parents told you when you were young "Be careful who you hang with"?  A conspiracy means that you are -- anyone in the conspiracy is responsible for anything anyone else

does.

64

So, for instance, if Matt and I go into a bank to rob it and I think nobody is going to get hurt and he shoots someone, I also am accountable. We had an agreement to go do this. Whatever happens is also my fault. Whatever happened out there, you don't -- we don't have to find the person who scratched "Pig" into the car.

We just have to show that they were all doing this and they were all making this happen and what we showed you for each of the people named in the indictment every single one of those people who we showed you had their hands on the car, bracing against the car, doing -- pushing their bodies against the car trying to impede or hinder the car, trying to break the mirror, trying to -- and banging on the car. We showed you that they were all doing something in that group.

GRAND JURY: Does the term "conspiracy" in any way imply that there is prior thought to this action?

MS. MECKLENBURG: No, not necessarily. You and I could decide together

right now to go -- do something right on the spot and that's a conspiracy. It's not -- it's not an element of conspiracy to prove prior planning,

65

prior thought. And you can see it in the conspiracy statute that that's not an element of it.

Question down there.

GRAND JURY: Yes. Can your actions be a conspiracy as well because you know what the other person is doing?

MS. MECKLENBURG: Thank you. You can agree by action. Yes?

GRAND JURY: Okay.

MS. MECKLENBURG: So you had a question.

MADAM FOREPERSON: I'm just -- like how far does this go? If I'm there and I find it interesting and I take my cell phone out, and I'm just recording it, am I part of it now?

MS. MECKLENBURG: That's a great question, and I will tell you that for at least now, we have identified people who were there and walking alongside and recording or watching or

doing other things there and we did not charge them. We only -- we identified them. We know who they are.

But we only charged people who are actually with their hands on the car attempting to

66

hinder and impede the car. I could -- I don't want to go back through the video again. You'd kill me if I did. You'll see people walking along and their -- some are filming it. Some are just walking along with it. None of these people are charged.

MADAM FOREPERSON: Is it against the law to touch a law enforcement vehicle whether it's --

MS. MECKLENBURG: If you're walking -- okay. If you're walking in a parking lot and there's a law enforcement vehicle and you go (indicating), that's not against the law, but if you're touching it in a way that is to hinder and impede it, like standing in front of the car and holding the car and bracing yourself and pushing against the car and you are right in front of it, that is hindering and impeding the car.

If you are banging on the car, if you are grabbing the mirror so the driver can't really go, if you're doing all that, that is not just like touching the car. That's hindering and impeding under the law.

GRAND JURY: Okay.

MS. MECKLENBURG: So for 372 -- any

67

other questions before I get you to Section 111, which is the misdemeanor? So this is that whoever forcefully assaults, resists, opposes, impedes, intimidates or interferes with any person designated in Section 114 of this title -- and let me tell you what 114 is. I added that.

It's an officer, employee of the United States who is engaged in the performance of the official duties. So that would be our Agent A. And then I'm going to take you down from that, from this, to show where the acts constitute only simple assault and that's all I'm asking for here, just simple misdemeanor.

It's not the felony. It goes on to talk about a felony, but I don't ask for a felony here. So this is just the assault -- whoever

assaults, resists, opposes, impedes, intimidates or interferes with any officer while he is engaged with his duties has violated Section 111.  Yes?

GRAND JURY:  He was on his way?

MS. MECKLENBURG:  He was reporting for his duties.  He was about --

GRAND JURY:  He didn't actually show up, right?

MS. MECKLENBURG:  He is two minutes

68

from getting there, but they impeded him from getting there.

GRAND JURY:  He wasn't actually there yet, correct?

MS. MECKLENBURG:  I don't know why that would matter.  I'm asking you.  You tell me.

GRAND JURY:  Because the way I'm reading this is you're interfering with him getting to his duty, not actually doing his duty. Not getting to his job.

MS. MECKLENBURG:  He can't do his duty if you are impeding him from getting there and doing it.  Did they, along the way, impede and hinder him in getting there in doing his duty,

getting there to perform his duties?

MR. SKIBA: So he was on-site. He was just about -- he had flashed his badge. He was on the way to the facility that he manages, and that's when he was stopped.

MS. MECKLENBURG: He's on the grounds of the facility that he manages.

GRAND JURY: He is the manager?

MS. MECKLENBURG: He is one of the people that manages the facility. He is the director of facilities. So he is there to go and

69

make sure they have staffing, bedding, to answer public inquiries about things. He is one of the manager people. He's not in uniform or anything like that.

GRAND JURY: Okay.

MS. MECKLENBURG: He's not -- yeah, he's not in uniform. He's not out there to arrest people. He is there to just manage the facility and that was the testimony that he was not in uniform and that he was there just for the facility.

GRAND JURY: Thank you for that

clarification.

MS. MECKLENBURG: Yeah, I'm sorry. I didn't realize --

GRAND JURY: I have another question about the video.

At the start of it, he said he had to go through a checkpoint with local police?

MS. MECKLENBURG: Yes.

GRAND JURY: Okay. And at some point, are we going to hear about their perspective on this?

MS. MECKLENBURG: There are a lot of different factors that come into this as to

70

whether local police -- whether their jurisdictions allow them to get involved in ICE matters.

GRAND JURY: Okay.

MS. MECKLENBURG: And I do not want to touch politics with a ten-foot pole.

GRAND JURY: I don't blame you.

MS. MECKLENBURG: I can tell you that Matt and I are both making sure in approaching this case that we're putting blinders

on to politics. So I'm not --

GRAND JURY: I just want to --

MS. MECKLENBURG: I'm not telling you if we go to trial that there won't be additional witnesses, but keep in mind you're not here -- we're not here to put on the whole trial, just the probable cause.

GRAND JURY: Oh, I know.

MS. MECKLENBURG: And at this point we might see if those officers are able -- I'll get to you in one second. Sorry. Able to testify, but right now calling them, I don't want -- we don't want to start with their jurisdiction and have them say "We are not coming there to help you."

71

GRAND JURY: Yes. Two parts. Is the simple assault part of the resisting, opposing, impeding?

MS. MECKLENBURG: Yes. If you do that, then it's simple assault. You have to have additional factors for it to be a felony and Matt and I decided that we are not going to ask you to find those additional factors for a felony.

GRAND JURY: But the conspiracy is a felony?

MS. MECKLENBURG: The conspiracy is a felony.

GRAND JURY: This person wasn't harmed, but by extension impeding and assaulting his vehicle, that constitutes simple assault?

MS. MECKLENBURG: Yes. You don't have to touch the person for it. The law does not require that you actually touch him.

And, in fact, let's just say that you're going to pick up your children at school and I come along and I stand in front of your vehicle and I am not moving, I'm not going to let you go through. Maybe I put my hand on your car and I push back. I'm hindering you and impeding you from going to pick up your children. There's

72

no question.

So that's the kind of analogy that I would use to show that. You don't have to be personally touched. I don't have to go in the car and get you. I'm not letting you proceed to where you're going.

GRAND JURY: That's considered simple assault?

MS. MECKLENBURG: Yes, that would be simple, which is why we're asking for simple, not felony.

GRAND JURY: That's why I go back to my question and use your analogy.

MS. MECKLENBURG: Okay.

GRAND JURY: So if the person comes and stands in front of my car, do I have the right to drive against him?

MS. MECKLENBURG: We are not going -- we don't need to address that today because it didn't happen.

GRAND JURY: It happened. He moved.

MS. MECKLENBURG: It did not happen that he drove into any of them such that any of them were actually knocked over, hit.

GRAND JURY: It's just luck.

73

MS. MECKLENBURG: No, it wasn't luck. Oh, no, it wasn't -- sir, it was not luck. It was his calmness and his judgment to drive as slowly as possible as he could and not hit

anybody. It wasn't just luck.

GRAND JURY: Let me go back to my question.

MS. MECKLENBURG: Yes.

GRAND JURY: So can I drive slowly without intent of harm to that person who is standing in front of the vehicle?

MS. MECKLENBURG: It would depend on the circumstances. I don't want to give you people advice if you go do it and say, oh, no, Sheri said. I don't want to be the one to tell you. It would depend on the circumstance.

GRAND JURY: The argument is they are pushing back so they won't get hurt. He was driving toward them.

MS. MECKLENBURG: And my argument to that would be you saw in the video space all around where they could have walked away. They didn't actually have to stay there.

Am I losing people?

THE COURT REPORTER: We're way over.

74

MS. MECKLENBURG: I don't want to lose you. So we could debate all of these

hypotheticals all afternoon, but my next person is probably screaming about me. So I don't want -- you know, we could debate it.

We believe that we have shown you probable cause for what we are asking for today. I'm going to tell you that the indictment has Count 1 under 372, conspiracy for all of these people, and it says what they were each doing and then Counts 2 through 7 -- through 6 -- I'm sorry -- through 7 is a count for each of these people for the misdemeanor 110 -- 111, and I see that this printed a little bit off, but if you sign it, I will get the right one to the court.

GRAND JURY: I'm sorry. I have one last question.

MS. MECKLENBURG: Yeah.

GRAND JURY: The felony for the conspiracy --

MS. MECKLENBURG: Yes.

GRAND JURY: -- I understand we have to indict, but I didn't think the misdemeanors were indicted -- because we had something similar and he charged felony --

75

MS. MECKLENBURG: Yes, I put it all in one indictment.

Can I bring the misdemeanors without you? I believe I could.

GRAND JURY: I thought you didn't even need to bring a misdemeanor.

MS. MECKLENBURG: I think that's right. I don't need to.

GRAND JURY: Okay. Then I guess I'm -- why are we --

MS. MECKLENBURG: It's all in one indictment. That's why. Do you want me to go back and just bring you the conspiracy in an indictment?

Is that what you guys want?

MADAM FOREPERSON: No.

GRAND JURY: I personally feel the complete opposite way.

MS. MECKLENBURG: Pardon?

GRAND JURY: I said I personally feel the complete opposite way.

MS. MECKLENBURG: Okay. You have a right to feel that way. I told you what I've told you and it's up to you to decide what you want to do as a group. You have to deliberate and decide.

76

If you're going to -- if you have questions, I will be out there. Okay. Thank you.

77

C E R T I F I C A T E

I, STEVEN J. BRICKEY, CSR, RMR, CRR do hereby certify that I reported the proceedings had in the above matter before the Federal Grand Jury in the Grand Jury Room in the United States Court House at Chicago, Illinois, on the 9th day of October, 2025, and that the foregoing is a true and accurate transcript of said proceedings.

_____

Steven J. Brickey, CSR, RMR, CRR

084-004675