**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ENTRY OF AN ORDER DISMISSING THE
SECTION 372 CONSPIRACY CHARGE WITH PREJUDICE**

## I. Introduction

Defendants Michael Rabbitt, Katherine Marie Abughazaleh, Andre Martin, and Brian Straw, by and through their attorneys, respectfully move this Court for an Order dismissing the Section 372 conspiracy charge, Count One of the indictment, with prejudice; or, for the reasons detailed below, (and in addition to the independent reasons in Defendants' Motion for Disclosure of the Prosecutor's Instructions of the Law to the Grand Jury ("Motion for Disclosure)), requiring the immediate disclosure of the unredacted grand jury transcripts previously produced to the Court (in redacted form) on April 23, 2026 (R. 129), documenting how the Department of Justice instructed the grand jury on the law governing the charges in the indictment returned in this case.[1]

Notwithstanding its express representation to the Court on April 29, 2026, that it was dismissing the conspiracy count charged in Count One of the indictment,[2] thereby rendering moot

---

[1] *See* United States Attorneys Manual § 9-11.000 (noting "[t]he prosecutor's responsibility is to advise the grand jury on the law and to present evidence for its consideration.").

[2] Dkt. 142, at 3:25-4:9.

a number of issues raised by the defense, the government has now informed defense counsel that it intends to leave the Section 372 conspiracy charge alive and pending until after trial and final resolution of the misdemeanor counts under Section 111(a) alleged in the recently-filed Superseding Information. This is improper, in direct conflict with the government's representations, and puts the Defendants in a patently unfair position in violation of their Fifth Amendment rights to due process.

## II.  Argument

At the hearing on April 29, 2026, the following colloquy took place between the Court and government counsel:

> **THE COURT:** In terms of the grand jury transcripts, let me start by asking the government. Do you object to those being provided to the defendants?
>
> **MR. HOGAN**: Your Honor, I think that we're going to find that that issue is moot. *We're going to move to dismiss Count 1*, and we are filing, as we speak, a superseding information on the remaining counts with the remaining four defendants.
>
> **THE COURT**: Okay.
>
> **MR. HOGAN**: So we have brought you, in compliance with your order, the unredacted versions; but since *we are moving to dismiss Count 1* and their motion and your order were directed to that, I think that that issue should be moot.

Dkt. 142, at 3:25-4:9 (emphasis added). Thus, it was clear that the government was promising to move *now* (*i.e.*, upon filing the Superseding Information and before trial) to dismiss the conspiracy charge—indeed, the present tense phrasing "we *are moving*" suggests the motion was already made in Court on April 29th. (Dkt. 142, at 4) (emphasis added).

That fact about the timing of the government's dismissal of the conspiracy charge—that it was to be immediate—was then confirmed by the government, in writing, the next day. Thus, after seeing the Superseding Information had been filed and docketed, Defense counsel emailed the government, "Thanks Bill.  Is there a corresponding motion to dismiss?", and in response, the AUSA

asserted, **"There will be now that the information has been docketed."** (Email correspondence dated April 30, 2026 (emphasis added)). When the government's promised motion to dismiss was not filed that day or the next, Defense counsel inquired again when the government's dismissal would be filed, and the government then abruptly changed its position, stating that instead of filing the motion to dismiss now as it had promised, stating "As is usual, we will move to dismiss the superseded indictment **after the proceedings on the now-operative Information are concluded**." (Email correspondence dated April 30, 2026 (emphasis added)).

Regardless of the prosecutor's new pledge to dismiss the indictment sometime in the future –but only *after* the trial set for May 26, 2026 and after the case on the charges in the Superseding Information are "concluded"–the Section 372 felony conspiracy charge continues to hang over the Defendants like the proverbial Sword of Damocles. The still pending felony conspiracy charge and its potential jeopardy dramatically impacts the trial, including what motions *in limine* are still in play and how each Defendant shapes their trial strategy, as there remains the risk that the government can prosecute them for this conspiracy charge it now says it wants to leave pending (at least for the foreseeable future). The government cannot grant itself a severance of charges, going to trial on one set of charges while reserving other, still-pending charges for later decision. Given the constantly shifting boundaries and substantive basis of the government's case, Defendants cannot simply wait and hope.

Moreover, the government's tactic of filing a Superseding Information which it describes as the only "now-operative" charging instrument, but then refusing to promptly dismiss the Section 372 felony conspiracy charge has the direct effect of evading the prior Order requiring production of the unredacted grand jury transcripts to the Court-including particularly the instructions on the law and documents shown to the grand jury regarding the law--which, in turn, it seemed the Court was prepared to direct be produced to the Defense. (*See* Dkt. 130 (Court's Order directing the

3

government "to bring to the hearing fully un-redacted versions of the transcripts it has filed under seal (which currently contain redactions within the colloquy portions) as well as a copy of any presentation(s) or document(s) shown to the grand jurors summarizing the law."")); April 29, 2026 Transcript, ("THE COURT: In terms of the grand jury transcripts, let me start by asking the government. Do you object to those being provided to the defendants?"). Should the government not dismiss the Section 372 conspiracy charge with prejudice *now*, then immediate production of the grand jury transcripts should be ordered here, separate and apart from the additional reasons set forth in the contemporaneously filed Motion for Disclosure.[3] Indeed, if the grand jury was mis-instructed or not instructed at all on the law, then the current indictment must be dismissed forthwith.

Put simply, Defendants still face jeopardy on the indictment. The government's resort to the so-called "usual" practice of dismissing the indictment following the conclusion of the case belies both its statements to the Court and defense counsel as well as the fact that there is nothing "usual" about the proceedings to date, nor in the government's affirmatively pledging to dismiss the indictment to apparently avoid producing grand transcripts and other materials, but then holding back on that promise until it sees fit. There is no good reason to keep the pending indictment in place, and purported "custom" does not and should not override the defendants' right to due process. Moreover, dismissal should be with prejudice, consistent with the government's motion for the now-dismissed defendants Walsh and Sharp, and to also remove any possibility of jeopardy on the conspiracy charge as Defendants proceed to trial on the misdemeanor charges.

In sum, the government cannot have its cake and eat it too. It should be held to its word when it told the Court and the defense on April 29, 2026, that it would dismiss the conspiracy

---

[3] To be clear, dismissal of the conspiracy charge alone would not obviate the Motion for Disclosure which provides separate and additional reasons for the Court to order production of the relevant grand jury minutes.

charge upon filing the Superseding Information. (Dkt. 142, at 4 ("*since we are moving to dismiss Count 1* and their motion and your order were directed to that, I think that issue should be moot." (emphasis added))).

Accordingly, for the reasons stated herein-and based on the government's explicit representations to the Court and to Defense counsel-Defendants Michael Rabbitt, Katherine Marie Abughazaleh, Andre Martin, and Brian Straw respectfully request the Court to enter an Order dismissing the Section 372 conspiracy charge (Count One) of the indictment against all Defendants with prejudice. If that is not done, and consistent with the contemporaneously filed Motion for Disclosure, we request an Order directing the government to produce the relevant grand jury minutes to the Defense immediately so we may pursue whatever appropriate motions and relief may lie based on those minutes.[4]

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2600
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente

---

[4] As but one example, see *United States v. Stevens*, 771 F. Supp. 2d 556, 566-67 (D. Md. 2011) (*citing United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991)) ("where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts 'grave doubt that the decision to indict was free from the substantial influence' of the erroneous instruction.")

Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tpoulos@cotsiriloslaw.com
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*