**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | Judge April M. Perry |
| MICHAEL RABBITT, | ) | |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL MOTION *IN LIMINE***

Defendants Michael Rabbitt, Katherine Marie Abughazaleh, Andre Martin, and Brian Straw (collectively, "Defendants"), by and through their respective undersigned counsel, in compliance with Federal Rules of Evidence 401, 402, and 403, and in accordance with this Court's April 29, 2026 Order (Dkt. 139), submit for their supplemental Motion *in limine* ("Motion") the following:

## I.     Background

On October 23, 2025, a federal grand jury returned an indictment charging each Defendant with two counts. In Count 1, the indictment charged Defendants with *conspiracy* to (a) prevent, by force, intimidation, and threat, a law-enforcement officer from discharging official duties, and (b) injure him in his person or property on account of and while engaged in his lawful discharge of official duties, and (c) injure his property so as to interrupt, hinder, and impede him in the discharge of this official duties, in violation of 18 U.S.C. § 372 (the "Conspiracy Charge"). (Dkt. 1, Indictment.) The government subsequently narrowed its theory on the Conspiracy Charge (Count

1

1) and announced it would attempt to establish only that the four remaining Defendants "[*c*]*onspired with one another and others, known and unknown*, to prevent by force and intimidation, Agent A, a United States law enforcement officer, from discharging the duties of his office." (Dkt. 96). In Counts Two through Seven, the indictment charged each Defendant, respectively, with forcibly impeding, intimidating, and interfering with an officer of the United States, namely Agent A, while engaged in or on account of the performance of his official duties in violation of 18 U.S.C. § 111(a)(1) and (2) (the "Impeding Charge"). (Dkt. 1, Counts 2–7).

In support of the above charges, the initial Indictment alleged that, among other things, Defendants *and* "others, known and unknown" banged excessively on an officer's vehicle; pushed the vehicle; scratched the body of the vehicle, including by scratching the word "PIG" onto the side of the vehicle; and broke the side mirror and rear windshield wiper of the vehicle. (*See, e.g.*, Dkt. 1 ¶¶ 3-6).Still, the government did not allege, nor has it asserted in any pleading or representation before the Court, that any of the charged Defendants caused any damage to the vehicle.

On April 29, 2026, after the initial motions *in limine* were briefed (*see* Dkts. 124-127, 135-137), the government further narrowed the case. The government announced its intention to dismiss the felony Conspiracy Charge under 18 U.S.C. § 372 (Count 1), and filed a Superseding Information (Dkt. 140) charging the remaining Defendants with misdemeanor violations of 18 U.S.C. § 111(a)(1), and at the same time dropped the corresponding charge of 18 U.S.C. § (2). The operative Superseding Information alleges that on the morning of September 26, 2025, Agent A drove a government-owned vehicle to the ICE facility in Broadview for his official duties, and each Defendant "forcibly impeded, intimidated, and interfered with . . . Agent A, while engaged in or account of the performance of his official duties." (Dkt. 140.) Notably, the operative

Information contains no conspiracy charge and *no* allegations relating to any individual banging on, pushing, scratching, or otherwise damaging the body of the agent's vehicle. (*See generally* Dkt. 140.)

**II.     Evidence of Potentially Disruptive, Damaging, or Unlawful Acts of Other Protesters Should be Excluded As Irrelevant And Highly Prejudicial.**

Defendants move to preclude the government from presenting evidence relating to potentially disruptive, damaging, or unlawful acts of non-defendant protesters at Broadview during the events in question from September 26, 2025. For evidence to be admissible, it must be relevant. Fed. R. Evid. 401. Evidence is "relevant" only if: (1) "it has any tendency to make a fact more or less probable than it would be without that evidence" and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even relevant evidence, however, may be excluded when its probative value is substantially outweighed by, as relevant here, the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid 403.

Evidence relating to potentially disruptive, damaging, or unlawful acts of non-defendant protesters at Broadview during the events in question should be excluded because such evidence is altogether irrelevant to the charges brought against Defendants. Fed. R. Evid. 402. *See also United States v. Gootee*, 34 F.3d 475, 478 (7th Cir. 1994) (affirming decision to exclude evidence of third-party misconduct—there, drug use and solicitation—because it was not relevant to proving whether *defendant* engaged in charged misconduct). The Defense seeks to exclude, for example, evidence that other non-defendants present at Broadview were involved in banging excessively on the agent's vehicle, scratching the word "PIG" on the vehicle, broke the side mirror and rear windshield wiper of the vehicle, or otherwise damaged the vehicle. (*See, e.g.*, Dkt. 1.) These allegations were presumably asserted in the Indictment (*id.*) because they were potentially relevant

3

to the Conspiracy charge. The government, however, *dismissed* that charge *with prejudice*. The operative Information now contains *no* conspiracy charge and no allegations that the Defendants conspired with "others, known and unknown" during the events at issue nor did they "aid and abet" others in forcibly impeding, intimidating, or interfering with Agent A. Put simply: there is no claim or allegation relating to acts of third party, non-defendant protesters. Accordingly, evidence of the alleged misconduct of such third parties has no relevance whatsoever to the current charges and should be excluded under Federal Rules of Evidence 401 and 402. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("The probative value of evidence against a defendant is low where the evidence does not go to an element of the charge."); *see* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible"); *id.* 401 (relevant evidence must make a "fact of consequence" more or less probable than it would be without the evidence).

Moreover, this evidence should be excluded because any nominal probative value it may have to the separate misdemeanor charges that each Defendant now faces (which is none, *see supra*) is substantially outweighed by the risk that this evidence would unfairly prejudice Defendants, confuse and mislead the jury, and waste time at trial. *See* Fed. R. Evid. 403; *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) (collecting cases for the proposition that the "amount of prejudice that is acceptable varies according to the amount of probative value the evidence possesses. '[T]he more probative the evidence, the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote'"). Here, the evidence of non-defendant's conduct during the protest at Broadview is not relevant to any charge or allegation in this case, *i.e.*, that each Defendant individually, through their own conduct, forcibly intimidated, interfered, and impeded Agent A.. Accordingly, even a *small* risk of prejudice would substantially outweigh its probative value. *See Thompson*, 722 F.3d

4

at 971. Here, however, the risk of prejudice is not small, it is great. Any evidence of misconduct of non-defendants at Broadview is highly prejudicial. It is inflammatory evidence depicting property-damage when none of the Defendants committed any such damage. It thus creates a false impression that the protest at Broadview was an altogether unruly event by all in attendance, and that the Defendants participated in or condoned unlawful acts, when there is no evidence to that effect. It should therefore be excluded. *See, e.g.*, *Martinez v. City of Chicago,* No. 14-CV-369, 2016 WL 3538823, at \*6 (N.D. Ill. June 29, 2016) (excluding evidence where it was not necessary to prove the charges and was likely to confuse the jury about the issues and prejudice the defendant); *Gootee*, 34 F.3d at 478 (affirming exclusion of evidence of third party misconduct because it was not relevant to proving whether *defendant* engaged in charged misconduct); *United States v. Thomas,* 11 F.3d 1392, 1398 (7th Cir. 1993) (affirming district court's exclusion of evidence of violence of a co-defendant who was not on trial with defendant because the evidence was not relevant to the charges against defendant and risked confusing the jury on the issues). Further, this evidence seriously risks confusing the jury regarding to whom the conduct is attributed, whether the Defendants were involved in or condoned others' actions, and whether the charged conduct is based on such third-party misconduct (it is not). And because this evidence is not relevant to the charges at issue, it risks wasting the jury's time with unnecessary, inflammatory and irrelevant evidence. It should be excluded. Fed. R. Evid. 403.

Ultimately, admitting evidence of third-party, non-defendant conduct of perhaps known but mostly unknown individuals would be both unduly prejudicial and not at all probative of the issues for trial. Again, the operative Information contains *no* charge or allegation relating to the acts of third-party, non-defendant protesters and no conspiracy charge. Accordingly, only the conduct attributable to the individual Defendants is relevant to whether such Defendants forcibly

5

impeded, intimidated, or interfered with Agent A. How *other* protesters acted during the protest in no way makes Defendants' charged conduct more or less likely. The evidence should be excluded. *See* Fed. R. Evid. 403. *See also, e.g.*, *Gootee*, 34 F.3d at 478 (affirming decision to exclude evidence of third--party misconduct—there, drug use and solicitation—because it was not relevant to proving whether *defendant* engaged in charged misconduct).

### III.    Conclusion

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant this supplemental motion *in limine* and such other relief as this Court deems appropriate and just.

Dated: May 7, 2026                                      Respectfully submitted,

**/s/ Nancy L. DePodesta**                        **/s/ Joshua G. Herman**
**/s/ Carly Alana Chocron**                       Law Office of Joshua G. Herman
Taft Stettinius & Hollister LLP                   53 W. Jackson, Blvd., Suite 404
111 E Wacker Dr, Suite 2600                       Chicago, IL 60604
Chicago, IL 60601                                 312-909-0434
312-836-5884                                      jherman@joshhermanlaw.com
ndepodesta@taftlaw.com                            *Attorney for Katherine Marie Abughazaleh*
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*                   */s/ Molly Armour*
                                                  Law Office of Molly Armour
                                                  53 W. Jackson Blvd., Suite 1424
                                                  Chicago, IL 60604
                                                  773-746-4849
                                                  armourdefender@gmail.com
                                                  *Attorneys for Katherine Marie Abughazaleh*

                                                  **s/ Christopher Parente**
**/s/ Terence H. Campbell**                       **/s/ Damon M Cheronis**
**/s/ Valerie Ann Davenport**                     Cheronis & Parente
Cotsirilos, Poulos & Campbell, Ltd.               140 S. Dearborn, Suite 404
55 E. Monroe Street, Suite 3250                   Chicago, IL 60603
Chicago, IL 60603                                 773-458-4899
312-263-0345                                      cparente@cheronislaw.com
tcampbell@cotsiriloslaw.com                       damon@cheronislaw.com
vdavenport@cotsiriloslaw.com                      *Attorneys for Brian Straw*
*Attorneys for Andre Martin*

6