**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CR 693 |
| | ) | |
| MICHAEL RABBITT, | ) | Judge April M. Perry |
| KATHERINE MARIE ABUGHAZALEH, | ) | |
| ANDRE MARTIN, and BRIAN STRAW | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO BAR FIRST AMENDMENT-PROTECTED SPEECH OR
CONDUCT FROM BEING OFFERED OR ARGUED AS EVIDENCE OF GUILT**

Defendants, by and through their respective counsel, move to preclude the government from offering or arguing that any of Defendant's First Amendment-protected statements or First Amendment-protected conduct as evidence of guilt. In support thereof, Defendants state as follows:

As the Court is aware, each of the Defendants was present outside the Broadview ICE facility to protest against ICE conduct they believed was illegal, immoral, and inhumane. The government's case has now been weaned down to the misdemeanor charge of forcibly impeding, intimidating, or interfering with Agent A as he drove his SUV into the crowd or protesters, which included Defendants.

It is fundamental that First Amendment-protected speech or cannot form the basis of a criminal conviction absent very specific circumstances. That is, speech is protected unless it is "directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Hess v. Indiana*, 414 U.S. 105, 108-09 (1973) (applying *Brandenburg v. Ohio*, 395 U.S.

444 (1969); *City of Houston v. Hill*, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."); *id*. at 462-63 ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."). First Amendment equally protects expressive conduct, such as picketing and marching. *Texas v. Johnson*, 491 U.S. 397, 404 (1989).

The government recognizes that § 111(a) does not purport to prohibit or criminalize speech, in any event. Thus, the government has repeatedly confirmed that the charges here are based on each Defendant's "conduct," not their speech, so there is no dispute that Defendant's statements are not (and, indeed, cannot be) the purported basis of the § 111 charges. (Govt. Resp. to Def Motion to Dismiss, Dkt. #120, at 1 ("[Defendants] are not being prosecuted for their speech or assembly. They are instead charged only with criminal ***conduct*** – specifically, the use of force and intimidation against Agent A to prevent him from discharging the duties of his office.") (emphasis in original)). Accordingly, none of the individual Defendant's First Amendment-protected expression can be offered or argued as evidence to establish a criminal violation of § 111.

Accordingly, the government should be precluded from offering or arguing that any First Amendment-protected speech or expressive conduct by any Defendant establishes guilt, in whole or in part, as to the § 111 charges here.

Finally, even if there were to be some relevance relating to guilt, the probative value of any Defendant's speech or expressive conduct during the events at issue offered for that purpose (*i.e.*, guilt) is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury, and therefore should be excluded under Rule 403.

WHEREFORE, Defendants respectfully request the Court enter an Order barring the government from offering or arguing any First Amendment-protected speech as evidence of guilt.

Respectfully submitted,

**/s/ Nancy L. DePodesta**
**/s/ Carly Alana Chocron**
Taft Stettinius & Hollister LLP
111 E Wacker Dr, Suite 2900
Chicago, IL 60601
312-836-5884
ndepodesta@taftlaw.com
cchocron@taftlaw.com
*Attorneys for Michael Rabbitt*

**/s/ Joshua G. Herman**
Law Office of Joshua G. Herman
53 W. Jackson, Blvd., Suite 404
Chicago, IL 60604
312-909-0434
jherman@joshhermanlaw.com

**/s/ Molly Armour**
Law Office of Molly Armour
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
773-746-4849
armourdefender@gmail.com
*Attorneys for Katherine Marie Abughazaleh*

**/s/ Terence H. Campbell**
**/s/ Valerie Ann Davenport**
Cotsirilos, Poulos & Campbell, Ltd.
55 E. Monroe Street, Suite 3250
Chicago, IL 60603
312-263-0345
tcampbell@cotsiriloslaw.com
vdavenport@cotsiriloslaw.com
*Attorneys for Andre Martin*

**/s/ Christopher Parente**
**/s/ Damon M Cheronis**
Cheronis & Parente
140 S. Dearborn, Suite 404
Chicago, IL 60603
773-458-4899
cparente@cheronislaw.com
damon@cheronislaw.com
*Attorneys for Brian Straw*