# EXHIBIT A

## 18 U.S. Code § 111 - Assaulting, resisting, or impeding certain officers or employees

Applies to whomever:

> forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

Elements

1) Forcibly [assaults, resists, opposes, impedes, intimidates, or interferes]

2) Federal officer

3) Actions were while the officer was "engaged" in, or were "on account of", the "performance of his official duties"

# 18 U.S. Code § 111 - Assaulting, resisting, or impeding certain officers or employees

**Does it matter that he was on his way to work?**

No.

- Statute requires that he be "engaged in" his official duties OR that the incident be "on account of" his official duties.

- Commute to work in government-issued automobile can qualify as being "engaged in" his official duties. *See United States v. Hoffer*, 869 F.2d 123, 126 (2d Cir. 1989)

    o Car is for work-related purposes only, and Agent A is duty-bound to protect the car

**Did Agent A need to be "assaulted?"**

No. § 111 also applies to those who act forcibly and resist, oppose, impede, intimidate an officer "while engaged in or on account of the performance of official duties"

**What does "forcible" mean?**

"'Forcibly' means by use of force. Physical force is sufficient but actual physical contact is not required. A person [also] acts forcibly if he [threatens; attempts to inflict] bodily harm upon another, with the present ability to inflict bodily harm." Seventh Circuit Pattern Jury Instructions

- "Direct contact is not required so long as the conduct places the officer in fear for his life or safety." Seventh Circuit Pattern Jury Instructions committee comments.

18 U.S. Code § 372 – Conspiracy to impede or injure Officer

If two or more persons in any State, Territory, Possession, or District <u>conspire to</u> <u>prevent, by force, intimidation, or threat</u>, any person from accepting or holding any office, trust, or place of confidence under the United States, <u>or from discharging any duties thereof</u>, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, <u>or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons</u> [violate this law]

Elements:
1) Two or more people conspire
2) One of the following:
i) To prevent by force, intimidation or threat, from discharging any duties
ii) to injure an officer of the United States, or his property, on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge of his duties; or
iii) to injure the property of an officer of the United States so as to molest, interrupt, hinder, or impede him in the discharge of his official duties

## 18 U.S. Code § 372 – Conspiracy to impede or injure Officer

"Section 372 is straightforward: it prohibits individuals from conspiring to keep government employees from doing their jobs."

> *United States v. Payne*, No. 216CR00046GMNPAL, 2017 WL 8941311, at *4 (D. Nev. Jan. 3, 2017).

## What is a conspiracy?

"A 'conspiracy' is an <u>express</u> or <u>implied</u> agreement between two or more persons to commit a crime.

- A conspiracy does not require advanced planning— spontaneous actions plus overt acts can be enough. *United States v. Barber*, 442 F.2d 517 (3rd. Cir. 1971)

- Each person is accountable for the foreseeable actions of his co-conspirators. *U.S. v. Johnson,* *C.*C.S.D.Ga.1885, 26 F. 682.

## 18 U.S. Code § 372 – Conspiracy to impede or injure Officer

### What is "force, intimidation, or threat?

Only need to prove one, but all three satisfied here

- "the most commonly understood 'dictionary' definition of 'intimidate' is ... to place a person in fear." *Davis v. Cisneros*, 744 F. Supp. 3d 696, 721 (W.D. Tex. 2024)

- "Surrounding a bus with . . .about 100 cars on the interstate and attempting to control its movements by physically blocking it with their vehicles and driving dangerously, could reasonably constitute 'force.'" *Davis v. Cisneros*, 744 F. Supp. 3d 696, 722 (W.D. Tex. 2024)

## 18 U.S. Code § 372 – Conspiracy to impede or injure Officer

Here, conspiracy Implied by conduct – surrounding the car, banging on car and windows, scratching car, moving to the front of the car together to block it

Each person whom we included in the indictment engaged in conduct used force, intimidation and threats that directly hindered/impeded

Michael Rabbit – hung onto passenger side, pushed/banged on the side

Kat Abughazaleh – placed herself in the front, pushed on the front with hands and body to prevent vehicle from continuing

Cat Sharp - placed herself in the front, pushed on the front with hands and body to prevent vehicle from continuing

Brian Straw – moved through crowd to the front of the vehicle and pushed up against it with his hands and leveraged his body to prevent vehicle from continuing

Andre Martin - placed himself in the front, pushed on the front with hands and body to prevent vehicle from continuing

Joselyn Walsh – wrapped her arm around the driver's side mirror to prevent vehicle from continuing

Each person was pushing on the vehicle to hinder/impede, not to protect themselves from being hit

Plenty of room to move – they did not want to

Brian Straw moved through the crowd to the vehicle

## Miscellaneous Questions

### What is the agent's duty? Shouldn't he have stopped?

- Neither statute we are presenting today requires that, so it is irrelevant. This is not a personal jury case where the question is who is at fault.

- Even if he had stopped, they would still be hindering and impeding him

- He did not have a duty to retreat

- Fear of being a sitting duck/being pulled out of car

### What about the other witnesses? i.e., truck driver, local police
- The video is plain as day
- Need only show probable cause, which does not require every conceivable witness

### What about others surrounding the car?

- Irrelevant to probable cause to charging the six we include in the indictment

### Can the government charge the misdemeanors without the grand jury?

We cannot charge these misdemeanors if we are seeking a felony, because we cannot bifurcate

We ask that you return a true bill on each count, including the Section 111 Misdemeanors

It is not up to you to consider that the government can charge Section 111 Misdemeanors without a true bill. If we ask you for a true bill on the felony, we have to ask you for a true bill on the misdemeanors, and you have to consider each count yes or no. You have to consider the elements of each count.