UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) ) ) | No. 25 CR 693 |
| MICHAEL RABBITT, KATHERINE MARIE ABUGHAZALEH, ANDRE MARTIN, BRIAN STRAW, and CATHERINE SHARP. | ) ) ) ) ) ) | Judge Perry |

### UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR FEES UNDER THE HYDE AMENDMENT AND MOTION TO CONDUCT DISCOVERY ON THE MOTION FOR FEES

**Introduction**

Following dismissal of the criminal charges in this case, four former defendants moved for an award of attorneys' fees under the so-called Hyde Amendment, which permits such an award where the position of the United States was vexatious, frivolous, or in bad faith. Dkt. 201. Defendants separately moved for leave to conduct discovery pursuant to the Hyde Amendment in order "to demonstrate the bad faith, vexatious, and/or frivolous nature" of this prosecution. Dkt 206 at 1. A fifth, previously dismissed defendant joined both motions. Dkt. 210, 211. The United States promptly informed defendants that the United States Attorney's Office's Civil Division would handle the fee petition, and more importantly, that it did not intend to challenge the defendants' *entitlement* to fees, inviting them to submit their fee information in order to determine and negotiate the amounts. *See* Dkt. 225 at 2. Accordingly, the motion for fees (Dkt. 201) should be held in abeyance unless and until the *amount* cannot be agreed on. And the motion for discovery (Dkt. 206) should be denied in its entirety because the stated need for it (to demonstrate bad faith, etc.) is moot no matter the result of negotiations in light of the United States' concession for litigation purposes that it does not intend contest the defendant's entitlement to fees.

**Discussion**

## I.        Hyde Amendment Motion

The Hyde Amendment motions are not ripe for decision and may never be.  The United States does not intend to contest defendants' *entitlement* to reasonable attorneys' fees and costs in this matter as permitted by statute.  (To be clear, the United States' litigation decision not to challenge the defendant's entitlement to fees, like in any typical settlement, does not concede that the United States has acted or done anything to warrant those fees.)  The parties are currently attempting to work out the *amount* of recoverable fees and expenses.  This court should take defendants' Hyde Amendment motions under advisement while the parties attempt to amicably resolve this civil issue in good faith.  The United States received the last of the former defendants' fee submissions the day before this response was being filed, so the parties are now in a position to negotiate.

## II.       Discovery

Discovery related to defendants' Hyde Amendment motions is not warranted under the circumstances of this case nor under applicable law.  Defendants sought discovery, in their own words, to give them the "opportunity to demonstrate the bad faith, vexatious, and/or frivolous nature of this misguided prosecution."  Dkt. 206. But they will not be required to make that showing, so there is no reason or basis under the statute or otherwise to conduct that discovery.

The Hyde Amendment allows for discovery to be conducted in some circumstances to determine whether granting attorneys' fees and costs is appropriate.  *United States v. Gardner*, 23 F.Supp.2d 1283, 1296 (N.D. Okla. July 7, 1998).  But discovery is limited under the Amendment and gives the court the authority, for good cause shown, to receive evidence *ex parte* and *in camera*:

2

> To determine whether to award fees or costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.

18 U.S.C. § 3006A (statutory note) Pub.L. No. 105–119, § 617, 111 Stat. 2440, 2519 (1997)  The *Gardner* court explained that "the Hyde Amendment vests in the Court both the responsibility and the authority to develop the facts in a manner warranted by the circumstances of the case for the purpose of determining whether the conduct of the United States was 'vexatious, frivolous, or in bad faith.'" *Id.* at 1296.  Thus, the statutory purpose of conducting additional discovery is to determine *whether* the defendants are entitled to attorneys' fees and costs (which is not an issue here), not what those reasonable fees and costs should be.  "The Hyde Amendment provides for the disclosure of grand-jury materials in certain circumstances, but it does not entitle the moving party to discovery as a matter of right."  *United States v. Terzakis*, No. 13 CR 339, 2016 WL 4417022, at *10 (N.D. Ill. Aug. 19, 2016), *aff'd,* 854 F.3d 951 (7th Cir. 2017), citing *United States v. Truesdale*, 211 F.3d 898, 907 (5th Cir. 2000) ("We do not read the Amendment as providing for discovery and a hearing as a matter of right.").

Defendants cite three cases in the "Governing Law" section of their motion where they assert courts have "exercised their authority to order discovery in a Hyde proceeding for good cause shown": *United States v. Gardner*, 23 F.Supp.2d 1283 (N.D.Okla.1998); *United States v. Gugnani*, 178 F.Supp.2d 538 (D. Md. 2002); and *United States v. Terzakis*, No. 13 CR 339, 2016 WL 4417022 (N.D. Ill. Aug. 19, 2016).. Dkt. 206, Mot. for Leave to Conduct Discovery, at 2. Not so.  In fact, in only one out of those three cited cases (*Gardner*) did the court exercise its authority to order discovery; the other two courts declined to do so.  *Gugnani*, 178 F.Supp.2d at 546 ("Petitioners' request for limited discovery is DENIED."); *Terzakis*, 2016 WL 4417022 at *10

3

("Defendant's motions for attorney's fees [51] and for the disclosure of grand-jury materials [57] are both denied."). And in the one case where the court *did* order discovery (*Gardner*), it was an *in camera* production to the court to determine whether the prosecution was vexatious, frivolous, or in bad faith, which is not an issue before this court given the United States' litigation posture not to challenge that the defendant's entitlement to fees. *Gardner,* 23 F.Supp.2d at 1297 ("In ordering the in camera production of these materials, the Court is sensitive to the high standards that apply to the analogous claim of prosecutorial vindictiveness, and believes that similar standards apply to a production of documents under the Hyde Amendment.")(citation omitted). In other words, this court will not need *ex parte* and *in camera* evidence to determine whether the prosecution was vexatious, frivolous, or in bad faith, because *that* issue is not before the Court.

Defendants nevertheless filed an additional position statement on discovery after the United States' concession for litigation purposes, trying to explain why they *still* want discovery. Dkt. 225. Yet the only outstanding issue is how much fees are at play, and former defendants have not cited to a single case where discovery was necessary to determine how much time their lawyers spent working on a case. Counsel presumably have all that information, and no materials the government has in its possession could influence that bottom-line number. No additional case law is cited in the former defendants supplemental filing, and the only rationale that defendants proffer for doing discovery on a non-issue is that both parties should have "questions that can be answered through the proposed discovery" and that answering those questions "would advance the parties' good faith negotiations." Dkt. 225 at 4. This seems more like a fishing expedition or an excuse to do discovery rather than a reason. It's hard to imagine how such discovery would advance negotiations over the *amount* of fees when *entitlement* to fees is not an issue at all.

4

## Conclusion

For the foregoing reasons, the court should (1) take the former defendants' Hyde Amendment motion (Dkt. 201) under advisement while the parties negotiate (and hopefully soon finalize) a reasonable attorneys' fees award, and (2) deny the former defendants' motion to conduct discovery (Dkt. 206) as moot.

Respectfully submitted,

ANDREW S. BOUTROUS
United States Attorney

By: s/ Maxwell E. Lisy
    MAXWELL E. LISY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4220
    maxwell.lisy@usdoj.gov