**SHERI H. MECKLENBURG**

September 24, 2026

Andrew Boutros
US Attorney
219 S. Dearborn Street, Suite 500
Chicago, IL 60604
By email

Re: My Forced Retirement

Dear Mr. Boutros:

Pursuant to this letter, I retire under protest from DOJ, effective immediately. To avoid any misunderstanding or misstatements about the reasons for my forced retirement, I set them forth in this letter.

As you learned on September 22, 2026, I intended to seek leave to intervene in the Broadview Six case to defend myself against the continuing allegations of "pervasive misconduct" in the defense lawyers' reply brief, and against the false and inflammatory accusations in that brief. Those false accusations include that (1) I "sat silently by" while the Court addressed transcript redactions—when I was unaware of both the redactions and the hearings; and (2) I "outright lied" to the grand jury—which I did not.

You learned of my intended motion when I sought permission to alert Judge Perry to Section 4.4 of the DOJ's Grand Jury Manual. That provision of the Manual directs prosecutors to ask whether any potentially biased grand juror can set aside any bias and decide the matter fairly and objectively, and if not, to advise that the juror should self-excuse. The provision strongly supports my handling of the situation at issue in the Broadview case on October 16, 2025. The Government's submission omitted any reference to this relevant and critical provision.

Because DOJ required me to sign a confidentiality agreement covering the Manual and other materials, I requested authorization to cite it in the Motion to Intervene. The senior U.S. Attorney's Office official coordinating my access to the materials initially advised my attorney that he did not believe there would be any problem with my citing to that provision of the Manual. A short time later, however, that same official informed my counsel that he had consulted with the Front Office who advised that, as a current DOJ employee, I am prohibited from filing anything to defend myself and will be disciplined and/or terminated if I do so.

I therefore am retiring under protest, effective immediately, because retirement is the only way to preserve my continued healthcare benefits, earned over decades of service. This is not a voluntary departure. If you carry through on your threat to terminate me, I will lose those benefits. If I do not retire now, I cannot defend myself. You have forced me to choose between remaining silent while my professional reputation is destroyed and prematurely surrendering my cherished career. I choose the latter.

Preventing me from defending myself is particularly reprehensible given the Office's failure to adequately defend me. The Office's tardy acknowledgement in its response brief that I did nothing to warrant sanctions was incomplete and does not erase the incredible damage caused by your prior statements. Beyond omitting the key Grand Jury Manual provision, the Office's brief withheld the fact that I repeatedly sought guidance from, kept informed, and followed the directions of the Front Office—including you—at every consequential stage. It is telling that neither you nor anyone preparing the Office's response consulted with me or my attorneys about the relevant facts and defenses before filing it. The Office did not fully present the facts supporting my conduct. It now seeks to prevent me from presenting those facts myself.

This decision to keep me and my attorneys in the dark was consistent with your handling of this matter from the outset. No one consulted me about any transcript redactions. I had nothing to hide and in fact demonstrated quite the opposite in memorializing brief and incidental interactions with two grand jurors. You declined to notify me about the May 21, 2026 Court hearing, which I had the indignity of learning about after-the-fact from the media. I would have expected the leadership of the Office to ensure that a career prosecutor whose conduct and reputation were about to be publicly condemned received notice and an opportunity to be heard. Had I been afforded that basic fairness at the outset, I believe matters would not have reached this point.

Since I was not present, I was a convenient target to be scapegoated and publicly vilified. You recklessly agreed in court that I had committed misconduct without even asking for my account, fully reviewing the record or briefing the law. That evening, you sent an office-wide email laying responsibility at my feet for a felony prosecution that you personally directed over my objection that the case was better suited to misdemeanor charges. You then publicly announced an investigation of my conduct spanning twenty years. These inexplicable actions severely damaged a reputation I worked hard to build over decades and have damaged my prospects for future employment and income.

Throughout all of this, I remained silent. But now the defense has leveled additional false and inflammatory accusations against me that the Office has not rebutted and apparently has no intention of rebutting. At the same time, you have threatened to terminate me if I attempt to rebut the false allegations and bring additional matters to the Court's attention. You remind me that I am still a DOJ employee when you want to silence me, but you have not treated me as a DOJ employee throughout this matter, including when, in May, you placed me on leave and cut off my devices and credentials without any notice. Your adverse actions from the beginning have forced me to retain personal counsel to defend conduct undertaken as part of my employment, yet you have refused to indemnify me for the substantial resulting expense. Despite the adverse impact on my finances, you cannot buy my silence by dangling continued leave.

The threat to terminate me also disregards my civil-service protections. For instance, I have never received written notice explaining the basis for placing me—and only me—on leave. I was given no meaningful opportunity to respond before being publicly condemned by you.

The full record resoundingly refutes the false accusations that I acted dishonestly, in bad faith, or with any ill will or animus. It would be false and profoundly misleading to suggest that I am retiring because of those false accusations or any investigation. I am retiring specifically because you have

made retirement the only way for me to defend myself without forfeiting the healthcare benefits I earned through decades of government service.

You repeatedly described me as a "by-the-book" prosecutor, including in an email dated December 21, 2025. That is what I have always tried to be. I do not contend that every word I used or everything I did before the grand jury was done perfectly, and I remain prepared to address legitimate scrutiny of my actions. But legitimate scrutiny is not the same as scapegoating, and accountability does not require silence in the face of demonstrably false accusations.

I still expect a full and fair opportunity to address the allegations against me and restore my reputation. I also would have expected, at some point during the past four months, that the leaders who directed or approved the prosecution would accept responsibility for their own roles and decisions rather than assigning the consequences to me alone.

I have been a public servant for more than 27 years, serving almost the last two decades as a federal prosecutor. I have served well and am proud of my public service.

Please treat this letter as notice of my retirement under protest, effective immediately. Please advise my counsel whom I should contact to arrange for the retrieval of my personal belongings from the Office.

Sincerely,

*Sheri H. Mecklenburg*
Sheri H. Mecklenburg

cc: Vicky Gehrt, USAO Human Resources Officer (by email)
Sergio E. Acosta, Esq.
Joel D. Bertocchi, Esq.
Jason Yonan, First Assistant U.S. Attorney (by email)
Rick Young, Assistant U.S. Attorney, Criminal Chief (by email)