**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:25 CR 693** |
| **MICHAEL RABBITT,** | ) | |
| **KATHERINE MARIE ABUGHAZALEH,** | ) | |
| **ANDRE MARTIN,** | ) | **The Honorable April M. Perry** |
| **CATHERINE SHARP,** | ) | |
| **BRIAN STRAW, and** | ) | |
| **JOSELYN WALSH** | ) | |

**PUBLIC RECORD REDACTED VERSION OF**
***EX PARTE* PETITION FOR**
**ORDER AUTHORIZING DISCLOSURE**
**(FILED UNDER SEAL)**

The United States respectfully petitions this Court pursuant to Fed. R. Crim. P. 6(e)(3)(F)[1] for an order authorizing disclosure of five transcripts of grand jury testimony occurring in three grand jury sessions and concerning two law enforcement witnesses, an excerpt, a colloquy, and exhibits in *United States v. Rabbitt*, Case No. 1:25-cr-693 (N.D. Ill.).[2] [redacted]

---

1 Fed. R. Crim. P. 6(e)(3)(F) authorizes the United States to file an *ex parte* petition for disclosure.

2 [redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

---

3 [redacted]

### B. Case Facts

#### 1. Disclosure of Redacted Transcripts for In Camera Review by the Court

On April 8, 2026, the defendants filed a motion to compel the government to produce grand jury transcripts relating to the prosecutors' instructions on the one felony count (§ 372) charged in the indictment. They argued that disclosure was necessary to determine whether the government properly instructed the grand jury given the government's "evolving charging theory" with respect to the conspiracy count. The government subsequently submitted to the Court under seal for in camera review redacted grand jury transcripts for the October 9, 16, and October 23 presentations. Over the course of several hearings, the Court heard arguments from defense counsel and the government regarding whether the Court should review the unredacted transcripts.

During the May 18, 2026 pretrial conference, the defendants renewed their request for the Court to review the unredacted grand jury transcripts, and the government provided them to the Court the following day. After reviewing the transcripts, the Court ordered the parties and "[a]ny AUSA who participated in the decision to redact portions of the grand jury transcripts, whether on the trial team or at the supervisory level, is ordered to appear in person" at a May 21, 2026 hearing.

#### 2. May 21, 2026 Hearing and Misconduct Allegations

On May 21, 2026, the Court held a hearing on the motion for disclosure of the prosecutor's instructions of law to the grand jury.[4] During the hearing, the Court criticized the government's grand jury presentation and the redaction of the grand jury transcripts provided to the Court. As the Court stated, "I was incredibly shocked by the redactions that were made. I have read hundreds, if not thousands, of grand jury transcripts involving prosecutors who are the most junior of

---

[4] Ms. Mecklenburg was not in attendance as she was then on a detail to a Senate office.

prosecutors to several U.S. Attorneys who appeared before the grand jury," and "I have never seen the types of prosecutorial behavior before a grand jury that I saw in those transcripts."

The Court summarized what it viewed as the potential issues with the government's conduct:

- "[V]ouching to the grand jurors, with the AUSA putting her personal credibility and trustworthiness on the line in support of the charges";
- Having "communications of a substantive nature with the grand jurors outside of the grand jury room";
- "[E]xcusing grand jurors who disagreed with the government's case from the deliberations process"; and
- Redacting the problematic conduct out of the transcripts provided to the Court for in camera review.

The Court also warned the government that "there is also a potential here, separate and apart from the merits of this case and how this case ends up proceeding, on sanctions for prosecutorial misconduct and for potential ethical violations, including lack of candor to the Court."

The government dismissed with prejudice both the indictment and superseding information. However, litigation continued as the defendants made claims pursuant to the Hyde Amendment and sought attorneys' fees, sanctions, the appointment of a special prosecutor, and discovery and a hearing on the sanctions and special prosecutor issues. On October 1, 2026, among the issues addressed, the Court denied the defendants' request for discovery and an adversarial hearing and advised that it would decide whether to impose sanctions and appoint a special prosecutor after it reviewed additional evidence to be submitted by the Government. The Court further granted the government's request to brief the constitutionality of Federal Rule of Criminal

Procedure 42, appointed counsel to file an opposing brief, and granted the defendants' motions for attorneys' fees and expenses.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

5 [redacted]

[redacted]

[redacted]

---

[redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court authorize the disclosure of the unredacted October 9, 16, 23 transcripts and related exhibits [redacted].

Date: October 7, 2026

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:________________________
Thomas P. Walsh
Civil Chief
219 S. Dearborn St., Rm. 500
Chicago, IL 60604
(312) 353-5300
Email: thomas.walsh2@usdoj.gov

[redacted]