IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff<br><br>v.<br><br>MICHAEL RABBITT, KATHERINE ABUGHAZALEH, ANDRE MARTIN, BRIAN STRAW, CATHERINE SHARP,<br><br>Defendants<br><br>*and*<br><br>MATTHEW SKIBA,<br><br>Intervenor | Case No. 25 CR 693<br><br>Honorable April M. Perry |

**MATTHEW SKIBA'S MOTION TO INTERVENE**

Movant Matthew Skiba, through his counsel, Andrew C. Porter of Salvatore Prescott Porter & Porter, respectfully moves this Court for leave to intervene in this case. Mr. Skiba further joins in Mr. Hogan's motion for a continuance of the November 16, 2026 evidentiary hearing date to a date mutually convenient to the Court and the parties. In support thereof, Mr. Skiba states as follows:

1. On November 2, 2026, this Court indicated it intended to "pursue an inquiry as to whether willful false statements were made to the Court." In furtherance of that inquiry, this Court ordered Mr. Skiba to testify under oath on November 16 at 9:00 a.m. Dkt. 287.

2. Previously, on October 1, 2026, this Court granted former AUSA Sheri Mecklenburg's Motion to Intervene in the case. The Court indicated during a hearing that day that it would make the same ruling as to other AUSAs should they request to intervene.

3. Given that this Court has now requested Mr. Skiba's testimony, he seeks to intervene in this matter to ensure that his personal interests are represented. As this Court mentioned at the October 1 hearing, "[T]he stakes are very personal and very high and I don't think the U.S. Attorney's Office necessarily will be aligned with each of the individual AUSAs so intervention is both appropriate and I think necessary." The government has not yet made its position clear about how it will approach the hearing that this Court has set or how it will react to the testimony of any of the four individuals called to testify by this Court. The government may encourage the four individuals to testify fully about their knowledge of the issues raised by the Court in its November 2 order. Mr. Skiba stands ready to do so. Alternatively, the government may, for instance, cite the so-called "Touhy" regulations and prohibit current DOJ employees from disclosing what they have learned in the course of their federal employment. *See* 28 C.F.R. § 16.26 ("Considerations in determining whether production or disclosure should be made pursuant to demand."). Either way, Mr. Skiba needs to intervene because, as this Court has recognized, this matter is very personal to him.

4. Notwithstanding this Court's order from earlier today, *see* dkt. 297, Mr. Skiba joins in Mr. Hogan's motion for a continuance. We are less than two weeks from

a scheduled hearing that has important implications for Mr. Skiba. In addition to Mr. Hogan's stated reasons, *see* dkt. 296, Mr. Skiba requests a brief continuance from the scheduled November 16 hearing date both to prepare with his counsel to testify and also to provide the government sufficient time to determine whether it intends to object to his testimony.

5. In response to the Court's order from earlier today, Counsel for Mr. Skiba is unavailable on November 19 and will be out of state handling another client matter. Counsel will attempt to contact other parties to determine whether a suitable date exists for all parties and follow the Court's instruction about communicating with the Court's clerk.

6. Finally, Mr. Skiba seeks further clarity on the process the Court envisions for the upcoming hearing. Mr. Skiba recommends that the November 16 date become a pre-hearing conference in order for Mr. Skiba (and other intervenors) to understand precisely the Court's planned process and then set a hearing date for as soon thereafter as the Court and the parties can convene.

Dated: November 6, 2026

By: *<u>/s/ Andrew C. Porter</u>*

SALVATORE PRESCOTT PORTER & PORTER, PLLC

Andrew C. Porter
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
aporter@sppplaw.com

*Attorney for Matthew Skiba*