UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL RABBITT, KATHERINE ABUGHAZALEH, ANDRE MARTIN, BRIAN STRAW, CATHERINE SHARP,<br><br>Defendants,<br><br>*and*<br><br>ANDRES ALMENDAREZ,<br><br>Intervenor. | Case No. 25 CR 693<br><br>Honorable April M. Perry |

ANDRES ALMENDAREZ'S MOTION TO INTERVENE

Movant Andres Almendarez, through his counsel Megan Cunniff Church of MoloLamken LLP, respectfully moves this Court for leave to intervene in this case on his behalf. In support thereof, Mr. Almendarez states as follows:

1. On November 2, 2026, this Court indicated it intended to "pursue an inquiry as to whether willful false statements were made to the Court." In furtherance of that inquiry, this Court ordered Mr. Almendarez to testify under oath on November 16 at 9:00 a.m. Dkt. 287.

2. The Court has granted the Motions to Intervene of former AUSA Sheri Mecklenburg (Dkt. 270), AUSA William Hogan (Dkt. 297), and AUSA Matthew Skiba (Dkt. 301). The Court has also indicated that it would make the same ruling as to other AUSAs should they request to intervene.

3. Given the Court's request for Mr. Almendarez's testimony, he requests to intervene to ensure that his personal interests are represented. As the Court explained at the October 1, 2026 hearing, "the stakes are very personal and very high and I don't think the U.S. Attorney's Office necessarily will be aligned with each of the individual AUSAs so intervention is both appropriate and I think necessary." *United States v. Rabbitt*, No. 25 CR 693, Oct. 1, 2026 Hr'g Tr. at 4.

4. Like Mr. Hogan and Mr. Skiba, Mr. Almendarez does not know how the government will approach the hearing that the Court has set for November 16 and whether the government will encourage or prohibit him from testifying, including by invoking the so-called "Touhy" regulations. *See* 28 C.F.R. § 16.26. Regardless, Mr. Almendarez is ready to testify truthfully about his knowledge of the issues raised by the Court in its November 2 order but needs to intervene given the personal nature of the inquiry.

5. Mr. Almendarez appreciates the Court's guidance that each witness will be asked to speak about the issues raised in the Court's November 2, 2026 order of which he or she has personal knowledge, that the Court will ask follow-up questions if necessary, and that no cross-examination by other witnesses or their attorneys, or calling of witnesses, will be permitted. Dkt. 297. To prepare effectively within that framework, Mr. Almendarez respectfully requests limited additional clarity on (a) whether each witness is to address the issues by an uninterrupted oral statement or by responding to questions from the Court, and whether a written statement may be submitted in advance or in lieu of part of the oral presentation; (b) whether counsel for each witness may be present at counsel table and confer with the witness during the testimony; and (c) whether counsel may propose follow-up questions to the Court for its consideration.

WHEREFORE, Movant Andres Almendarez respectfully requests that this Court enter an Order granting him leave to intervene in this case, specifically with respect to the proceedings set

forth in the Court's November 2, 2026 Order, including the evidentiary hearing currently set for November 16, 2026, and clarifying the procedures that will be employed at that hearing.

Dated: November 10, 2026

Respectfully submitted,

/s/ *Megan Cunniff Church*
Megan Cunniff Church (#6281234)
MOLOLAMKEN LLP
300 N. LaSalle St.
Chicago, IL 60654
(312) 450-6700
mchurch@mololamken.com

*Attorney for Andres Almendarez*