**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL RABBITT, KATHERINE MARIE ABUGHAZALEH, ANDRE MARTIN, BRIAN STRAW, AND CATHERINE SHARP,<br><br>Defendants | No. 25 CR 693<br>Hon. April M. Perry |

## MOTION FOR A PROTECTIVE ORDER

The United States moves for a protective order to circumscribe the scope of testimony at the hearing currently scheduled for December 2, 2026, so as to preserve all applicable governmental privileges and to ensure that any questioning is limited to the purported misstatements the Court has identified as relevant to its inquiry. *See* ECF No. 287 at 2–4.

The proposed witnesses are attorneys who have generally engaged in communications that are protected by several governmental privileges. They have each been instructed to assert all of those privileges at the scheduled hearing and in any further proceedings in this matter. To nonetheless force these attorneys onto the stand and judicially cross-examine them would pose an intolerably high risk of violating those privileges. *In re United States*, 398 F.3d 615, 618 (7th Cir. 2005) ("[T]he United States Attorney is not answerable to a judge for the deliberations among his staff. . . . [Such materials] are covered by multiple privileges.").

To be clear, if the Court believes that adequate evidence is lacking without the necessarily privileged information it plans to tease out, the correct approach would be to cease the inquiry and leave the matter "for the Attorney General and the President to evaluate." *Id.* But at the very least,

the Court should excuse any line prosecutors from having to testify. The statements the Court is investigating concern communications between the U.S. Attorney's Office and other parts of the Executive Branch, as well as the U.S. Attorney's familiarity with what occurred before the grand jury. As to these matters, there is plainly no need for anyone but the U.S. Attorney to provide information.

In addition, if the Court intends to conclude that governmental privileges have been waived, obviated, or otherwise overcome for any reason, the United States requests that the Court provide notice of that conclusion and defer the scheduled hearing to a later date to allow the United States to seek reconsideration or, if necessary, appellate review.

Respectfully submitted,

Dated: November 15, 2026

*/s/ Henrique Carneiro*

Stanley E. Woodward, Jr.
*Associate Attorney General*
Henrique Carneiro
*Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for the United States of America*